FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 20 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NOT FOR PUBLICATION

In the Matter of the Appointment of
DANIEL J. SMITH ESQ., as Special Guardian of

**MEMORANDUM AND ORDER**
11-CV-2405 (RRM)

ALICE ZAHND, an incapacitated person,

----------------------------------------------------------X

**MAUSKOPF, United States District Judge**:

On May 18, 2011, Henry R. Terry ("Terry"), appearing *pro se*, filed a notice seeking to remove a proceeding filed in the Supreme Court of the State of New York, County of Suffolk, Index No. 42301-08. Terry paid the filing fee to commence this proceeding. For the reasons set forth below, the Court denies the petition of removal and remands the case to the Supreme Court of the State of New York, County of Suffolk.

## BACKGROUND

This matter comes before the Court on a notice of removal from the Supreme Court of the State of New York, County of Suffolk. The underlying state action involves a guardianship proceeding pursuant to Article 81 of the New York Mental Hygiene Act granting expanded powers to Daniel J. Smith, Esq., the court-appointed guardian of Alice Zahnd, an incapacitated individual currently residing in a nursing home in Patchogue, New York. Terry is not a party in the state-court action, but apparently resides in a property owned by Zahnd. In support of his petition of removal, Terry states that Smith "knowingly brings a petition that does not identify itself, or names Mr. Terry in the caption and does not refer to the law that it is pleading under . . . ." (Notice of Removal ¶ 36.) Terry seeks removal to, *inter alia*, "have his full due process rights maintained . . . ." (Notice of Removal ¶ 37.) Specifically, Terry contests the "Order to Show

Cause as to Petition to Expand Property Management Powers of Special Guardian and for the Appointment of a Personal Needs Guardian" (Notice of Removal, Exhibit A), seeking to:

> hire and retain services necessary to clean up and prepare for sale the house and the parcel of real property located at 16 Bransford Street, Patchogue, New York, including, without limitation, to hire and retain a company for the purposes of removing any and all waste, debris and any and all other items that do not belong to ALICE ZAHND.

## DISCUSSION

The Court is required to read the petitioner's *pro se* submissions liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Moreover, at this stage of the proceedings, the Court assumes the truth of the documents submitted by the petitioner. *See id.* at 10.

A. Standing

A non-party, or individual claiming to be a real party in interest, has no authority to seek removal under the removal statutes. *See* 28 U.S.C. §§ 1441, 1446(a). The statutes providing removal authority allow for removal solely "by the defendant or defendants." *Id.*; *see also Geiger v. Artco Enters., Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("the right of removal is vested exclusively in defendants"); *Adams v. Adminastar Def. Servs., Inc.*, 901 F. Supp. 78, 79 (D. Conn. 1995); *Macaluso v. Mondadori Publ'g Co.*, 527 F. Supp. 1017, 1018-19 (E.D.N.Y. 1981) (remanding matter in which no named defendant joined in the petition for removal).

Terry claims this action is related to claims in which he is a party currently pending in the Eastern District of New York, and alleges in connection with those matters violations of, *inter alia*, 28 U.S.C. §§ 1983, 1985, and 1988; the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution; 18 U.S.C. §§ 1961 *et seq.* (RICO); and 18 U.S.C. 2721 *et seq.* (Driver Privacy Protection Act). However, regardless of the posture of other cases

filed in this District, it is undisputed that petitioner is not a party to the action he seeks to remove, and thus has no authority to seek removal.

B. Removal Statute

It is the duty of the Court to raise the issue of removal jurisdiction pursuant to subject matter jurisdiction *sua sponte*: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Terry has failed to carry his burden. Because "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction," the Court declines removal and remands this case to state court. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

Title 28, section 1441 of the United States Code sets forth the criteria for removing a civil action from state court to federal court. The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(b), meaning that a claim may only be removed to federal court if it could have been filed in federal court originally. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("only state-court actions that originally could have been filed in federal court may be removed by the defendant.").

"The burden is on the removing party to prove that it has met the requirements for removal." *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998). Even if the petitioner were a defendant in this matter, or could otherwise proceed in seeking removal, there is nothing in the underlying state court proceeding which would provide original federal jurisdiction. The appointment of a guardian and the allocation of real property and assets by the appointed guardian do not raise federal questions. Terry's allegations of federal question

3

jurisdiction are raised in response to the state court matter and are thus insufficient to invoke this Court's jurisdiction. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (holding that a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (same).

For all of these reasons t is unmistakably clear that the Court removal was improperAs such, the Court has the authority to remand this action *sua sponte*. *See Morrison v. Seafarers Int'l Union of N. Am., AFL-CIO*, 954 F. Supp. 55, 56 (E.D.N.Y. 1996) ("Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated. . . ."); *Worthy v. Schering Corp.*, 607 F. Supp. 653, 657 (E.D.N.Y. 1985) (remanding case to state court *sua sponte* for lack of removal jurisdiction); *see also* 28 U.S.C. § 1447(c).

## CONCLUSION

Accordingly, this action is hereby remanded to the Supreme Court of the State of New York, County of Suffolk. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Suffolk, and to close the case in this Court. 28 U.S.C. § 1447(c). Although petitioner paid the filing fee to commence this proceeding, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       May 30 , 2011

_____
ROSLYNN R. MAUSKOPF
United States District Judge